FILED
JUN 24 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RECEIVED
JUN 23 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

United States District Court
Judge Amy B. Jackson
300 Constitution Ave N.W.
Washington D.C. 20004

5-14-14
Amy B. Jackson 6/24/14 Date
United States District Judge
Leave to file GRANTED

13-CR-00119-08

Your Honorable Judge Jackson,

Pro see, Here comes defendant Antonio Edwards, Respectfully Requesting to hear my motion on a bond/detention hearing. It has come to my attention that my co-defendants in the other case along with the government are inclined to put this other case off until next year this time. Not knowing yet the decision of the judge Mrs. Chasanow. I respectfully request a bond hearing on your case as well. For, I've been in here over a year on a charge I didn't commit. And, I'm not inclined to take an unreasonable plea. And in the case in your court your honor, I don't even know those people. I honestly think they have the wrong man. Some one's telling some serious lies on me. I'm on probation but my probation officer said I will not be violated until I'm found guilty of something. The probation parole policy goes by preponderance of evidence. There is none in either case only speculation.

The Bail Reform act allows courts to detain an arrestee pending trial only if the government demonstrates by clear and convincing evidence after an adversarial hearing that no release conditions will reasonably ensure the safety of the community.

| | |
|---|---|
| 1039 | See Salerno, 481 U.S. at 754-55 Because the 8th Amendment does not require release on bail "Id. The only arguable substantive limitation of the bail clause is that the governments proposed conditions of Release or detention not be excessive in light of the perceived evil. Because pretrial detainees by definition have not been found guilty of a crime, the power to punish under the eighth amendment should not be implicated. A detention long enough to constitute punishment may be held to be in violation of due process. |
| 1031. | (see id. § 3142(b); Stack vs Boyle, 342 U.S. 1, 4 (1951) Defendant charged with non capital offense shall be released on bail if defendant gives adequate assurance that he will appear at trial and submit to sentence if convicted. |
| 1032. | See 18 U.S.C. 3142 (c), (g)(4) Release is always subject to the condition that the defendant not commit a Federal, state, or local crime while on bail. See 18 USC 3142(b) In determining proper conditions of release, a judicial officer must consider the nature and circumstances of the offense charged. The 9th Cir. has held that the weight of the evidence is the least important factor. See U.S. vs Hir, 517 F. 3d 1081, 1090 (9th Cir 2008) weight of evidence is least important factor because bail statue neither requires nor permits pretrial determination of guilt. U.S. vs Alatishe, 768 F. 2d 364, 370 (D.C. Cir 1985) temporary 10 day detention allowed where defendant on probation at time of arrest. |

I've been in here over a year

*Antonio Edwards*

Antonio Edwards
414729
401 East Madison St
Baltimore, MD, 21202

RECEIVED
Mail Room
JUN 23 2014
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia



United States District Court
Judge Amy B. Jackson
300 Constitution Ave, NW,
Washington D.C. 20001